IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY WILLIAM CHUNG,<br><br>       Plaintiff,<br><br>  v.<br><br>SAN MATEO COUNTY COURT, et al.,<br><br>       Defendants. | No. C 15-03278 HRL (PR)<br><br>**ORDER OF DISMISSAL** |

      Plaintiff, who is in custody at the San Mateo County Jail and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff will be granted leave to proceed in forma pauperis in a separate order.

**DISCUSSION**

**A.    Standard of Review**

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must,

1    however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
2    699 (9th Cir. 1988).

3         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
4    elements: (1) that a right secured by the Constitution or laws of the United States was
5    violated, and (2) that the alleged violation was committed by a person acting under the
6    color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

7    **B.    Plaintiff's Claims**

8         Plaintiff claims that Defendant Lt. Denton of the San Mateo County Jail has been
9    denying him "phone calls, law library time in direct violation of speedy trial and effective
10   council [sic]." (Comp. at 3.)  Plaintiff also claims that the district attorney has violated
11   his right to a speedy trial by filing a motion for a continuance on the day of trial. (Id.)
12   Plaintiff also claims difficulty throughout the prosecution of his case as a pro per
13   defendant. (Compl. Attach. at 1-4.)  Plaintiff wants the charge against him dismissed or
14   changed to a lesser charge. (Compl. at 3.)

15        It is clear from the complaint that state criminal proceedings are currently pending
16   or ongoing.  Under principles of comity and federalism, a federal court should not
17   interfere with ongoing state criminal proceedings by granting injunctive or declaratory
18   relief absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43-54
19   (1971); cf. Gilbertson v. Albright, 381 F.3d 965, 979-80 (9th Cir. 2004) (en banc)
20   (finding damages action based upon constitutional challenge to pending state proceedings
21   implicates Younger principles because in order to determine damages the district court
22   must first decide whether there has been a constitutional violation).  Federal courts should
23   not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or
24   harassment, or a showing that the statute challenged is "flagrantly and patently violative
25   of express constitutional prohibitions." Id. at 46, 53-54 (cost, anxiety and inconvenience
26   of criminal defense not kind of special circumstances or irreparable harm that would
27   justify federal court intervention).  Nothing in the complaint suggests there are
28   extraordinary circumstances requiring this court's interference in state court criminal

1  proceedings.  Where, as here, Younger abstention is appropriate as to a request for

2  declaratory or injunctive relief, and the plaintiff does not seek damages, the court may not

3  retain jurisdiction and must dismiss the action.  See Juidice v. Vail, 430 U.S. 327, 348

4  (1977); Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799-801 (9th

5  Cir. 2001); see also Gilbertson, 381 F.3d at 981 (when damages are sought and Younger

6  principles apply, it is appropriate for the federal court to refrain from exercising

7  jurisdiction temporarily until state proceeding no longer pending).

8

9                                      **CONCLUSION**

10       For the foregoing reasons, this action is hereby DISMISSED, without prejudice to

11  returning to federal court once his state court proceedings have concluded and he has

12  exhausted all necessary remedies.

13

14  DATED: ___8/25/15___              _____

15                                      HOWARD R. LLOYD
                                        United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28